**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**John Houston DUGGIN, Appellee.**

No. 01–96–01055–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1997.

Rehearing Overruled Nov. 19, 1997.

Stacey Suzette Zipp, Houston, for Appellant.

Paul G. Johnson, Angleton, for Appellee.

Before O'CONNOR, MIRABAL and NUCHIA, JJ.

## OPINION

O'CONNOR, Justice.

The Texas Department of Public Safety (DPS) appeals the county court at law's reversal of the suspension of John Duggin's driver's license. Duggin was arrested for driving while intoxicated, and his license was suspended for refusal to submit a breath specimen. Duggin requested an administrative hearing before an administrative law judge (the AL judge), as provided by TEX. TRANSP. CODE § 724.041. The AL judge approved the suspension of Duggin's license and Duggin appealed to the Brazoria county court, as provided by TEX. TRANSP. CODE § 524.041. The county court reversed the suspension of Duggin's license. DPS appeals from the county court's decision on five points of error. We reverse.

### Facts

The testimony of Officer Salcido, the officer who arrested Duggin, was admitted into evidence at the AL hearing in the form of an affidavit. He did not appear as a live witness. In his affidavit, Salcido stated Duggin was stopped on April 13, 1996, by Deputy Adams and Lieutenant Christopher. Adams and Christopher called Salcido to the scene after Duggin failed a field sobriety test. Salcido stated Adams and Christopher stopped Duggin because he was not driving in a single lane. They reported a strong odor of

alcohol in Duggin's truck and that Duggin had glassy eyes and slurred speech. Salcido spoke with Duggin at the scene and he noticed Duggin's eyes were glassy, his speech was slurred, and he smelled of alcohol.

Officer Salcido arrested Duggin for driving while intoxicated and took him to the Brazoria County Jail, where he read him the DWI statutory warnings. Salcido attempted to give Duggin a breath test. Initially, Duggin breathed into the machine, which Salcido reported registered 0.195. Salcido thought Duggin saw the results of the test of the first sample. When Salcido instructed Duggin to breathe into the machine again for a second sample, Duggin did not or could not give a readable sample. Because Salcido thought Duggin purposefully refused to provide another readable sample, he suspended Duggin's license for refusal to give a breath specimen.

Duggin appealed the suspension of his license to an administrative hearing. The AL judge upheld the suspension and made the following findings:

On April 13, 1996, reasonable suspicion to stop the Defendant existed, in that Officers Adams and Christopher told Officer Salcido that they observed Defendant operate a motor vehicle, a Ford, on a public roadway, CR 257, and fail to maintain a single lane of traffic;

On the same date, probable cause to arrest the Defendant existed, in that probable cause existed to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1: Officer Duggin [sic] observed Duggin to have glassy eyes, a strong odor of an alcoholic beverage, and slurred speech; ...

Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood as demonstrated by the Department's statutory warning form;

After being requested to submit a specimen of breath or blood, Defendant refused, as is demonstrated by ... the peace officer's signed statement on the warning form.

On appeal to the county court, Duggin made the following arguments: there was no factual or legal basis to support the suspension of his license; Officer Salcido's affidavit was inadmissible because it contained hearsay and double hearsay; Duggin was denied his right to confront and cross-examine the DPS's witnesses because the court admitted the probable cause affidavit; and, because Duggin gave one valid specimen, he did not refuse to submit to the breath test.

The county court reversed the AL judge's suspension of Duggin's license, finding: (1) Duggin did not refuse to give a breath specimen as required by TEX. TRANSP. CODE ch. 724; and (2) the AL judge did not meet the statutory requirements of the Administrative Procedure Act. DPS appeals the county court's judgment with five points of error, which we consolidate into three arguments.

An AL judge's decision is subject to a substantial evidence analysis. TEX. GOV'T CODE § 2001.174; *Texas Dep't of Pub. Safety v. Watson*, 945 S.W.2d 262, 267 (Tex.App.—Houston [1st Dist.] 1997, no writ). Judicial review of an AL judge's decision is on the record from the administrative hearing alone. TEX. TRANSP. CODE § 524.043(a), TEX. GOV'T CODE § 2001.175(e). A trial court may not substitute its judgment on the weight of the evidence if the AL judge's decision is supported by substantial evidence. TEX. GOV'T CODE § 2001.174. The test is not whether an AL judge reached the correct conclusion, but whether a reasonable basis exists for his conclusion. *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex.1994). Evidence in support of an AL judge's decision must be more than a mere scintilla, but need not preponderate in favor of the decision. *Id.* We will review the underlying findings of fact made by an AL judge to determine if they are supported by substantial evidence. *Texas Health Facilities Comm'n v. Charter Med.–Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex.1984); *Watson*, 945 S.W.2d at 267.

### Argument 1: The Record of the Administrative Hearing

In point of error one, DPS claims the county court erred because its decision was

not based on the administrative record as required by TEX. TRANSP. CODE § 524.043(a) and TEX. GOV'T CODE § 2001.175(e). DPS claims the administrative record was not before the county court because Duggin did not offer it and the county court did not accept it into evidence as required by TEX. GOV'T CODE § 2001.175(d).

■ At the beginning of the hearing, the county court stated, "I have reviewed your petition and the record from the administrative hearing." During the hearing, both parties discussed the record as if it had been admitted. In rendering the ruling, the county court said, "Based upon my review of the record from the hearing below, it will be the Court's order that the administrative license suspension be reversed." At no time did the State object that the record had not yet been offered or introduced into evidence. It is clear the county court admitted and considered the administrative record. *See Nueces Canyon Cons. ISD v. Central Ed. Agency,* 917 S.W.2d 773, 775–76 (Tex.1996) (court of appeals cannot avoid its obligation to address every issue necessary to final disposition of appeal by elevating form over substance).

Without an objection below, DPS cannot argue for the first time in this Court that the county court did not base its opinion on the administrative record. TEX.R.APP. P. 33.1(a)(1).

We overrule DPS's point of error one.

### Argument 2: Refusal to Give Breath Test

■ In point of error four, DPS states the county court erred in finding Duggin did not refuse to give a breath specimen. DPS argues that "specimen" in TEX. TRANSP. CODE ch. 724 means specimen or *specimens*. DPS claims the county court improperly substituted its judgment for that of the AL judge in deciding if Duggin refused to give a breath specimen.

To conduct a valid breath test, the intoxilyzer (the machine used for breath tests) must test two samples of a person's breath. Duggin's first breath into the intoxilyzer registered 0.195. Officer Salcido then asked Duggin to give a second readable sample and explained how to give a readable specimen.

Duggin gave between two and four more breaths, but none was steady enough to read. Duggin testified he did not see what the reading was on his first breath and said he attempted to give another readable sample three times but could not. Salcido stated Duggin saw the first reading and would not blow in a steady manner in order to get a second reading. Salcido decided Duggin was refusing to cooperate and suspended Duggin's license for failure to submit to the test. The AL judge agreed and suspended Duggin's license.

In Texas, licensed drivers are deemed to have consented to breath or blood tests to determine alcohol concentration when arrested for suspicion of DWI. TEX. TRANSP. CODE § 724.011. When a driver refuses to submit to such a test, DPS must suspend his driver's license. TEX. TRANSP. CODE § 724.035. Several of the statutes discuss the "specimen" taken from a driver. *See* TEX. TRANSP. CODE §§ 724.013—724.035. Duggin argues this means that, because he gave *one* readable specimen, he cannot be held to have refused the breath test. However, TEX. TRANSP. CODE §§ 724.011 and 724.012 authorize the taking of "[o]ne or more *specimens* of breath or blood." TEX. TRANSP. CODE §§ 724.011(a), 724.012(a) (emphasis added).

■ This Court has held that the law allows the taking of multiple specimens of breath and that refusal to provide a second specimen will lead to license suspension. *Watson,* 945 S.W.2d at 266–67. In *Watson,* the driver gave a breath sample before being arrested for DWI, then refused to give more specimens after his arrest. The driver argued he gave a sample and did not refuse the test. We disagreed, holding "a refusal to provide a second specimen will trigger the consequence of license suspension." *Id.* at 267.

The "Implied Consent" statute clearly states DPS may take one or more specimens. TEX. TRANSP. CODE § 724.012. Because the intoxilyzer requires two readable specimens to give a valid breath test result, Duggin was required to give at least two readable specimens. Officer Salcido, as the breath test operator, decided Duggin was refusing to cooperate. The AL judge did not err in

agreeing that Duggin had refused the breath test. The county court erroneously substituted its judgment for that of the AL judge.

We sustain point of error four.

### Argument 3: The Probable Cause Affidavit

In points of error two and three, DPS argues the county court erred in finding the AL judge did not follow the statutory requirements of the Administrative Procedure Act (the APA). Initially, there is some confusion about the meaning of the county court's finding.

At the hearing before the AL judge, Duggin did not make any objections based on the requirements of the APA. Duggin did object to Officer Salcido's affidavit (the probable cause affidavit) on the ground that it contained hearsay and double hearsay, and it denied him the right to cross-examine and confront the witness. The AL judge admitted the affidavit over Duggin's objections.

At the hearing before the county court, Duggin made the following objection:

> Under § 159.23 of the Administrative Procedures Act [sic] concerning administrative license suspension hearings, ... the peace officer's sworn affidavit concerning probable cause to arrest is only admissible as a public record if it contains that officer's personal observations; and it cannot contain some other officer's or some other person's observations.

There is no section 159.23 in the APA. In his objection, Duggin was referring to the rules of the State Office of Administrative Hearings, 1 Tex. Admin. Code § 159.23, *not* the APA.

The part of 1 Tex. Admin. Code § 159.23, relevant to Duggin's challenges to the probable cause affidavit is:

(c) Witnesses and affidavits.

\*    \*    \*    \*    \*    \*

(6) A peace officer's sworn affidavit concerning probable cause to arrest shall be admissible as a public record, provided however, that the defendant shall have the right to subpoena the officer in accordance with § 159.17 of this title (relating to Request for Subpoenas). If the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the affidavit shall not be admissible.

1 Tex. Admin. Code § 159.23(c)(6).

Considering Duggin's objections before the AL judge and his objections before the county court, and Duggin's reference to § 159.23, we interpret the trial court's finding number two as finding the AL judge did not follow the requirements of 1 Tex. Admin. Code § 159.23(c)(6) and requirements in other relevant statutes and rules relating to the admission of the probable cause affidavit of Officer Salcido.

### Admissibility of the Probable Cause Affidavit

■ The probable cause affidavit was admitted as a public record under Tex.R. Civ. Evid. 803(8). Duggin argued before the AL judge that rule 803(8) specifically excludes from admissibility the observations of police officers. There is no such exclusion in the civil rule, only in the criminal rule. *Compare* Tex.R.Crim. Evid. 803(8), *with* Tex.R. Civ. Evid. 803(8). Because the AL hearing and Duggin's appeal to the county court were both civil proceedings, the civil rules of evidence apply, not the criminal rules. Tex. Transp. Code § 724.048(a)(1) (a license suspension hearing is a civil matter); *In re G.F.O.*, 874 S.W.2d 729, 731 (Tex.App.— Houston [1st Dist.] 1994, no writ) (the rules of civil evidence apply in all civil proceedings except as otherwise provided by statute).

■ The probable cause affidavit was properly admitted under the public records exception because it concerned an investigation made by Officer Salcido, who had the legal authority and duty to make the investigation, and the affidavit contained observations and factual findings resulting from that investigation, and nothing indicated the sources of the information lacked trustworthiness. Tex.R. Civ. Evid. 803(8)(B–C). There is no requirement that the probable cause affidavit be made by a person with personal knowledge. *Clement v. Texas Dep't of Pub. Safety*, 726 S.W.2d 579, 581 (Tex. App.—Fort Worth 1986, no writ).

Officer Salcido completed the affidavit as required by TEX. TRANSP. CODE § 724.032 on April 15, 1996, two days after Duggin's arrest. It was sworn to and notarized and set out the facts leading to Duggin's arrest. Duggin did not contest the affidavit's authenticity. The affidavit fulfilled all the requirements for admission as a public record.

### *Right to Confront Witnesses*

▇▇▇ This was a civil proceeding, not a criminal proceeding. Duggin had no constitutional right to confront witnesses in this civil proceeding. The right to confront a witness applies to criminal proceedings only. TEX. CONST. art. I, § 10; *Ochs v. Martinez,* 789 S.W.2d 949, 951 (Tex.App.—San Antonio 1990, writ denied). If Duggin had wanted to confront and cross-examine the witnesses, he could have requested they be subpoenaed. TEX. GOV'T CODE § 2001.089 (provides that DPS will subpoena a witness at the party's request); TEX. GOV'T CODE § 2001.087 (allows for cross-examination of witnesses); 1 Tex. Admin. Code § 159.23(c)(6) (provides that a probable cause affidavit is admissible if the defendant has the right to subpoena the officer). When a party does not ask DPS to subpoena a witness for the AL hearing, that party cannot complain he was unable to cross-examine the author of the probable cause affidavit. *Brooks v. Klevenhagen,* 807 S.W.2d 777, 778–79 (Tex.App.—Houston [14th Dist.] 1991, no writ). Because Duggin did not ask DPS to subpoena any of the officers for the AL hearing, he could not complain to the county court that he was unable to cross-examine them at the AL hearing. *Id.; Porter v. Texas Dep't of Pub. Safety,* 712 S.W.2d 263, 265 (Tex.App.—San Antonio, 1986, no writ).

The AL judge properly considered the probable cause affidavit. We sustain DPS's challenges to the county court's finding number two.

We reverse and render judgment reinstating the Administrative Law Judge's order of May 22, 1996.