**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Gary Lee GRATZER, Appellee.**

No. 01–96–01521–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 7, 1998.

Stacey Suzette Zipp, Houston, for Appellant.

John J. Davis, Angleton, for Appellee.

Before COHEN, O'CONNOR, and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a suit for judicial review of an administrative driver's license revocation. We reverse.

### Facts

Gary Lee Gratzer, appellant, was arrested by Department of Public Safety Trooper Barry Adams for driving while intoxicated (DWI). Trooper Adams took Gratzer to the Brazoria County Sheriff's Office (BCSO), where he administered the statutory DWI warnings. Adams then asked Gratzer to submit to a breath test, which Gratzer refused. Gratzer signed the DWI statutory warnings (form DIC–24) indicating he refused to give a breath specimen.

Gratzer requested an administrative hearing to contest his driver's license suspension.[1] The Department offered two exhibits, Trooper Adams' probable cause affidavit (form DIC–23) and the DWI statutory warnings (form DIC–24). The administrative law judge (ALJ) admitted the exhibits over Gratzer's objections, and the ALJ authorized the Department to suspend Gratzer's driver's license for 90 days. Gratzer filed a suit for judicial review of the administrative decision with the county court, and that court reversed.

### Form DIC–23

In point of error one, the Department contends the trial court erred by finding that form DIC–23, the probable cause affidavit, was improperly admitted by the ALJ. The county court specifically found there was no admissible evidence that Gratzer was warned in writing before Officer Adams requested that Gratzer take a breath test. *See* TEX. TRANSP. CODE § 724.015 (1998) (warnings to be given orally and in writing).

At the administrative hearing, Gratzer objected to the portion of form DIC–23 that states, "This person was informed, both orally and in writing, of the consequences of his/her refusal to give a specimen."[2] Gratzer claims this statement is "boilerplate"—part of the preprinted form—because it is not part of the officer's affidavit. Gratzer further claims that form DIC–23 was not admissible as a public record or report under Texas Rule of Civil Evidence 803(8) because the form was prepared in anticipation of litigation and contained hearsay within hear-

---

1. State Office of Administrative Hearings docket number 1996–07–12299.

2. The portion of form DIC–23 completed by Trooper Adams states, in part, "I then place [sic] the driver under arrest for DWI and he was transported to BCSO were I read him the DIC 24 and offered him the opportunity to take a breath test which he refused." The preprinted text of form DIC–24 reads, in part, "I certify that I have orally informed you of the consequences of refusal to give a specimen ... and have provided you with a complete and true copy of this statutory warning."

say (*i.e.*, the "testimony" of the form's drafter that the arrested party would be informed, both orally and in writing). Gratzer put on no evidence at the administrative hearing.

Gratzer does not argue he was not informed in writing, but rather argues the Department did not satisfy its burden to show it complied with Transportation Code section 724.015. We disagree.

■ Form DIC–23 is properly admitted as an exception to the hearsay rule under Texas Rule of Civil Evidence 803(8). *Texas Dep't of Pub. Safety v. Duggin*, 962 S.W.2d 76, 80 (Tex.App.—Houston [1st Dist.] 1997, no pet.); *Texas Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 811 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *see* 1 TEX. ADMIN. CODE § 159.23(c)(6) (1997).[3] We are unaware of any authority that holds a party's affidavit cannot be based in part on a preprinted form. Officer Adams swore to the truth of the *entire* DIC–23 form, so there is no question of double hearsay.[4] Gratzer could have introduced evidence disputing Officer Adams' claim that he informed Gratzer in writing. The ALJ would then decide the issue based on a conflict in the evidence.

We conclude the county court erred in finding that form DIC–23, the probable cause affidavit, was improperly admitted by the ALJ. We sustain point of error one.

### Form DIC–24

■ In point of error two, the Department contends the trial court erred by finding form DIC–24, the statutory warnings form, was improperly admitted by the ALJ. At the administrative hearing, Gratzer objected to the admission of form DIC–24 because it was not made under oath. Form DIC–23, however, specifically incorporates the text of form DIC–24, and form DIC–23 contains an affidavit.[5] Gratzer also claims form DIC–24 is inadmissible because it contains "boilerplate" text. We reject this argument for the same reasons we discussed in point of error one.[6]

We conclude that the county court erred in finding that form DIC–24, the DWI statutory warnings form, was improperly admitted by the ALJ, and we sustain point of error two.

### Compliance with Section 724.032(c)

■ In point of error three, the Department contends the trial court erred by finding that forms DIC–23 and DIC–24 were improperly admitted because the Department did not show compliance with Transportation Code section 724.032(c): "The officer shall forward to the department a copy of the notice of suspension or denial and the refusal report not later than the fifth business day after the date of the arrest." TEX. TRANSP. CODE § 724.032(c) (1998). Gratzer argues that the use of the word "shall" makes compliance with this section mandatory.

The Code Construction Act defines "shall" as follows: " 'Shall' imposes a duty." TEX. GOV'T CODE § 311.016 (1998). We agree that Officer Adams had a duty to "forward to the department a copy of the notice of suspension or denial and the refusal report not later than the fifth business day after the date of the arrest." We disagree, however, that this provision in the statute is mandatory in the

---

3. The rules of procedure for administrative license suspension hearings provide:

   A peace officer's sworn affidavit concerning probable cause to arrest shall be admissible as a public record, provided however, that the defendant shall have the right to subpoena the officer in accordance with § 159.17 of this title (relating to Request for Subpoenas). If the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the affidavit shall not be admissible.
   TEX. ADMIN CODE § 159.23(c)(6) (1997).

4. Gratzer .also contends (1) there is a conflict between the preprinted and handwritten portions of the form and (2) the handwritten portion

should control over the preprinted text. He claims the handwritten statement, "I [Officer Adams] read him [Gratzer] the DIC 24," conflicts with the following preprinted text: "This person was informed, both orally and in writing, of the consequences of his/her refusal to give a specimen." We do not perceive any conflict between the two statements.

5. Trooper Adams signed form DIC–24 on June 15, 1996 and form DIC–23 on June 20, 1996.

6. We also note that the legislature requires the Department to approve a standardized form for use when a driver refuses to give a specimen. *See* TEX. TRANSP. CODE § 724.032 (1998).

sense that the officer's failure to comply renders the evidence inadmissible.

The Supreme Court addressed the interpretation of "shall" in *Chisholm v. Bewley Mills*:

> There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. The fundamental rule is to ascertain and give effect to the legislative intent. Although the word "shall" is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

*Chisholm*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956). The statute does not provide for any consequence should the officer not timely forward the notice of suspension or denial to the Department.

Gratzer did not argue at the administrative hearing that he was somehow deprived of a prompt administrative hearing or was denied access to records.[7] Applying the *Chisholm* test, we hold that the requirement of section 724.032(c) is merely directory. *See Mendoza*, 956 S.W.2d at 812.

We sustain point of error three.

7. The county court, in its judgment, specifically found that Gratzer was harmed. The county court's conclusion of law number 12 states "that there is harm in that there was no showing [Gratzer] was afforded a prompt review of the

### Due Process Concerns

In point of error four, the Department contends the trial court erred by finding that forms DIC–23 and DIC–24 were improperly admitted because Gratzer was denied prompt review of the documents, which violated his due process rights. In his appellate brief, Gratzer acknowledges that this point is moot if we sustain point of error three. We, therefore, do not reach point of error four.

### Substantial Evidence

In point of error five, the Department contends the trial court erred by finding there was not substantial evidence to support the administrative decision.

■ In conducting a substantial evidence review, we must determine whether the evidence as a whole is such that reasonable minds could have reached the conclusion the agency must have reached in order to take the disputed action. *Texas State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex.1988); *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 290 (Tex. App.—Houston [1st Dist.] 1992, no writ). We may not substitute our judgment for that of the agency and may consider only the record on which the agency based its decision. *Sizemore*, 759 S.W.2d at 116. The appealing party bears the burden of showing a lack of substantial evidence. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex.1984); *Lindsay v. Sterling*, 681 S.W.2d 708, 710 (Tex.App.—Houston [1st Dist.] 1984), *rev'd on other grounds*, 690 S.W.2d 560 (Tex. 1985). The appealing party cannot meet this burden merely by showing that the evidence preponderates against the agency decision. *Charter Medical*, 665 S.W.2d at 452. If substantial evidence would support either affirmative or negative findings, we must uphold the agency decision and resolve any conflicts in favor of the agency decision. *Auto Convoy Co. v. Railroad Comm'n*, 507 S.W.2d 718, 722 (Tex.1974).

Refusal Report by the Director as mandated by 724.032(b) of the Transportation Code." It was Gratzer's burden to show that he was harmed by any such delay. Gratzer did not introduce any evidence.

The county court concluded there was no substantial evidence to support the administrative decision because the county court concluded forms DIC–23 and DIC–24 forms were improperly admitted. Because we hold that the county court erred in so concluding, we hold there was substantial evidence to support the administrative decision and sustain point of error five. **Conclusion**

We reverse the judgment of the county court, and we render judgment affirming the administrative decision.