No. 04-98-00451-CV



TEXAS DEPARTMENT OF PUBLIC SAFETY,


Appellant



v.



Frederico Alvarez SILVA,


Appellee



From the County Court at Law No. 7, Bexar County, Texas


Trial Court No. 241,596


Honorable H. Paul Canales, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: March 3, 1999


REVERSED AND REMANDED

 The Texas Department of Public Safety (TDPS) appeals the judgment of the trial
court, which affirmed an administrative law judge's denial of license suspension. The
administrative law judge (ALJ) excluded the arresting officer's report which was offered to
establish probable cause to arrest Frederico Silva, and to show that Silva was asked to submit
a breath specimen, but refused. Because we hold that the arresting officer's report was
improperly excluded, we reverse the trial court's judgment.Factual Background

 On July 25, 1997, San Antonio police officer De La Garza observed Frederico Silva
back up, strike a curb, and proceed forward driving southbound in the northbound traffic lane
of General McMullen Drive. After pulling Silva over, De La Garza noticed that Silva had
trouble standing, slurred his speech, and smelled of alcohol. Officer Marcus was called to
the scene and observed that Silva had bloodshot eyes, had slurred and confused speech,
swayed while standing, walking, and turning, and smelled of alcohol. Officer Marcus noted
that Silva showed all six signs of intoxication on the Horizontal Gaze Nystagmus Test, he
slurred and confused the letters while trying to recite the alphabet, repeatedly dropped his
foot on the one-leg stand, and had trouble balancing on the walk and turn. Officer Marcus
arrested Silva for DWI, administered the necessary statutory warnings, and requested a
breath sample. Silva refused to submit a breath sample.

 The administrative law judge excluded documents offered to establish that the officer
had probable cause to make the arrest, that Silva was offered a breath test, and that he
refused. Following the ALJ's denial of the license suspension, TDPS appealed to County
Court at Law No.7 on the grounds that the excluded documents would have established
probable cause. The county court affirmed the ALJ's decision to exclude the evidence and
affirmed the denial of the license suspension.Jurisdiction

 Silva contests this court's jurisdiction on several grounds. Silva argues that in its
appeal to the county court at law, TDPS wrongfully asserted jurisdiction under section
524.041(a) of the Transportation Code, a provision that specifies appellate rights only for a
person whose license has been suspended. As Silva points out, any appeal by TDPS is
governed by Tex. Transp. Code Ann. § 524.041(d) (Vernon Pamph. 1998), which limits
an appeal by TDPS to issues of law. Inspection of TDPS's petition reveals that TDPS was
discussing venue in regards to section 524.041(a) and only cited that section to note that the
Austin Court of Appeals recently ruled that the provision also governs venue for appeals by
the Department. TDPS was not asserting that it could bring an appeal, of fact or law, under
subsection (a).

 Additionally, Silva notes that in its original petition TDPS challenges the ALJ's
finding that there was no proof of probable cause to arrest, that Silva was offered a breath or
blood test, or that Silva refused a breath or blood test.(1) Silva contends that these are factual
determinations that cannot be appealed by TDPS. However, probable cause is a question of
law, not a factual determination. See Wal-mart Stores, Inc. v. Resendez, 962 S.W.2d 539,
540 (Tex. 1998) ("Once the facts are established, the existence of probable cause is a
question of law for the court."). Moreover, TDPS' second issue raised in its original petition
is also a question of law--the determination of whether documents were properly excluded
under the rules of evidence. See North Dallas Diagnostic Ctr. v. Dewberry, 900 S.W.2d 90,
93-94 (Tex. App.--Dallas 1995, writ denied). Contrary to Silva's assertions that this point
is moot, this point of error is properly before this court under Tex. Transp. Code Ann. §
524.041(d) (Vernon Pamph. 1998).

 Silva also notes that TDPS' prayer for relief before the county court asks that an
affirmative finding be entered. Silva argues that an affirmative finding is further evidence
that TDPS was appealing a factual issue. This error in requested relief seems to have been
conceded by TDPS when it attempted to amend its petition at trial to request only that the
case be remanded. Nonetheless, courts do not determine what type of issues are before them
based on the relief requested. Additionally, this court can grant the relief it deems appropriate
under Tex. R. App. P. 43.2, regardless of whether the appellant asked for a finding or a
remand. Based on our review of the record, we hold that TDPS has properly invoked this
court's jurisdiction by appealing an issue of law under section 523.041(d) of the
Transportation Code. Silva's motion to dismiss the appeal is overruled.

Exclusion of Evidence The record reveals that at the administrative hearing Silva objected to some of the
statements on the third page of Officer Marcus' Sworn Report on the basis that the summary
written by Officer Marcus contained hearsay regarding the stop and conditions of the scene.
Officer Marcus had recorded information obtained from Officer De La Garza concerning the
reasons why Silva had been stopped and other observations about his condition. TDPS did
not object to striking anything of which Officer Marcus did not have personal knowledge
because Officer De La Garza had already testified to that information. Consequently, the
ALJ sustained the objection to the information about the stop. However, the statements that
were excluded pursuant to Silva's hearsay objection did not include the portion of the Sworn
Report that contained Officer Marcus' own observations about Silva which supported (1)
probable cause for the arrest, (2) that Silva was arrested, and (3) that he refused to submit a
breath specimen. The ruling on the first objection (hearsay) did not alleviate the court's need
to consider the second objection (authentication) as the first only excluded a portion of
Exhibit 1 and the portion which it excluded was established through De La Garza's
testimony. Thus, it was error for the court to refuse to address the authentication issue.
TDPS' first point of error is sustained. In its second point of error, TDPS contends that Exhibit 1 was properly authenticated,
and thus was improperly excluded by the ALJ. While Silva did not submit a brief on this
issue, his objections to the admission of this evidence can be obtained from the
administrative and county court records. This court reviews administrative rulings on the
admission or exclusion of evidence under the abuse of discretion standard applied to trial
courts. See Texas Dept. of Pub. Safety v. Mendoza, 956 S.W.2d 808, 810 (Tex.
App.--Houston [14th Dist.] 1997, no pet.). A court abuses its discretion if its acts without
reference to any guiding rules and principles. Id. "The determination of whether a court
abused its discretion is a question of law." North Dallas Diagnostic Ctr., 900 S.W.2d at 93-94. See also Jackson v. Van Winkle, 660 S.W.2d 807, 810 (Tex. 1983).

 After a person has been arrested and has refused to submit to a breath test, a peace
officer is required to submit a written report of the incident to the director of the Department
of Public Safety. Tex. Transp. Code Ann. § 724.032 (Vernon Pamph. 1998). In this case,
Officer Marcus submitted a Probable Cause Affidavit, form DIC-23, and the Statutory
Warning, form DIC-24.

 Rule 803(8) provides that the following is an exception to the hearsay rule:

 Records, reports, statements, or data compilations, in any form, of public
offices or agencies setting forth: (A) the activities of the office or agency; (B)
matters observed pursuant to duty imposed by law as to which matters there
was a duty to report, excluding in criminal cases matters observed by police
officers and other law enforcement personnel; or (C) in civil cases as to any
party and in criminal cases as against the state, factual findings resulting from
an investigation made pursuant to authority granted by law; unless the sources
of information or other circumstances indicate lack of trustworthiness.


Tex. R. Evid. 803(8). Several cases reflect that Forms DIC-23 and DIC-24 are properly
admitted as public records under Rule 803(8). See Texas Dept. of Pub. Safety v. Gratzer,
1998 WL 224031 (Tex. App.--Houston [1st Dist.] 1998, no pet.) ("Form DIC-23 is properly
admitted as an exception to the hearsay rule under Texas Rule of Civil Evidence 803(8).").
See also Texas Dept. of Pub. Safety v. Duggin, 962 S.W.2d 76, 80 (Tex. App.--Houston [1st
Dist.] 1997, no pet.) (admitting a probable cause affidavit under Rule 803(8) in a civil case);
Mendoza, 956 S.W.2d at 811 (holding that the probable cause affidavit was admissible under
803(8)); 1 Tex. Admin. Code § 159.23(c)(6) (1997). Silva's contention that these
documents were not "otherwise admissible" is unfounded.

 With respect to Silva's authenticity objection, Rule 1005 provides that "[t]he contents
of an official record or of a document authorized to be recorded or filed and actually recorded
or filed, including data compilations in any form, if otherwise admissible, may be proved by
copy, certified as correct in accordance with Rule 902 . . . ." Tex. R. Evid. 1005. Tex. R.
Evid. 902(4) provides that extrinsic evidence of authenticity is not required with respect to
"[a] copy of an official record or report or entry therein, or of a document authorized by law
to be recorded or filed and actually recorded or filed in a public office, including data
compilations in any form certified as correct by the custodian or other person authorized to
make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or
complying with any statute or other rule prescribed pursuant to statutory authority." Tex. R.
Evid. 902(4). TDPS argues that the documents fall under the category noted in paragraph
(1) which governs that "[a] document bearing a seal purporting to be that of the United Sates,
or of any State, . . . department, officer, or agency thereof, and a signature purporting to be
an attestation or execution." Tex. R. Evid. 902(1).

 Review of the documents included in the record reveals that each page of the exhibit
is stamped certified by Virginia A. Talley, Custodian of Records Driver Improvement and
Control Service, Texas Department of Public Safety and attested, executed, and signed by
Sondra Dowlearn, Authorized Deputy Custodian. The documents appear to comply with all
the requirements listed above.(2) In fact, an almost identical certification procedure was found
acceptable under Rule 902 and Rule 1005 in Texas Dept. of Pub. Safety v. Guajardo, 970
S.W.2d 602, 608-09 (Tex. App.--Houston [14th Dist.] 1998, no pet.).

 Silva contends the documents are inadmissible because they are not domestic
documents under seal (even though they contain a stamp from the DPS) because the stamp
does not state to what the document is certifying. Additionally, Silva complains that the
stamp is from Travis County, but all the documents were prepared in Bexar County. Silva
cites no authority, nor have we found any requirement that the stamp state what the document
is certifying or that the stamp be from the county where the documents were prepared. As
TDPS pointed out, an officer has a duty to forward these documents to the TDPS
headquarters located in Travis County, most likely explaining why the document bears the
Travis County stamp.

 Silva also argues that TDPS did not state in the record on which exception to the
hearsay rule it was relying and presented no arguments regarding authentication. TDPS
stated at the administrative hearing that the documents were public records under 803(8) and
maintained that the originals were on file with the Department in Austin, noting what the seal
and signature from the Deputy Custodian were certifying. Thus, while TDPS did not
specifically state that it was relying on Rules 902 and 1005, TDPS made the basis of its
authentication argument clear. TDPS' second point of error is sustained.

 Accordingly, we hold that the ALJ abused her discretion in excluding the documents
from evidence and the trial court erred in affirming the ALJ's decision. The judgment of the
trial court is reversed, and the cause is remanded for further proceedings consistent with this
opinion.

 Catherine Stone, Justice

PUBLISH




1. TDPS' brief to this court does not address this point of error but only that the evidence was improperly
excluded. Therefore, we do not address this contention on appeal.
2. There seems to be some dispute as to whether these documents are domestic documents under seal and fall
under Rule 902(1). However, it appears that if the documents are not under seal they would be admissible under Rule
902(2) as they were notarized. The Mendoza court admitted a probable cause affidavit and statutory warnings form
under Rule 902(2). See Mendoza, 956 S.W.2d at 811.
Return to
Fourth Court of Appeals