Opinion issued December 2, 2004












 





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00093-CV
____________

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

V.

CHRISTOPHER PERKINS, Appellee
 

 
 
On Appeal from County Court at Law No. 3
Brazoria County, Texas
Trial Court Cause No. 31,082B
 



MEMORANDUM OPINION
          Appellant, the Texas Department of Public Safety (DPS), challenges a county
court at law order setting aside an administrative suspension of the driver’s license
of appellee, Christopher Perkins (Perkins), which suspension was based on his refusal
to submit a breath specimen after his arrest for driving while intoxicated.


 In two
issues, DPS contends that the county court at law erred in reversing the administrative
suspension.Facts and Procedural Background
          According to DPS Trooper J. Johnson’s original and supplemental written
refusal reports (forms DIC-23), on May 3, 2003, at around 12:45 a.m., Johnson saw
a green sports utility vehicle (SUV) on FM 521 on the Brazos River bridge. Johnson
had been dispatched to this location in order to “work an accident.” Upon arrival,
Johnson saw the wrecked SUV facing north on the FM 521 Brazos River bridge. He
noted that the SUV had apparently struck the side of the bridge at its entrance and had
then traveled along the rail before coming to rest half-way across the bridge. Johnson
approached Perkins, who was standing at the back of the wrecked SUV. Perkins told
Johnson that he had been “driving from a party in the Wild Peach area and that he
[had] lost control of the vehicle as he approached the bridge.” Johnson noted that
Perkins had “red glassy eyes and emitted a very strong odor of an alcoholic
[beverage] on or about his breath.” Johnson also noted that Perkins’s eyes “exhibited
lack of smooth pursuit,” that “distinct nystagmus was present at the maximum
deviation,” and that “the onset of nystagmus was present prior to 45 degrees.” After
Perkins refused to perform any other sobriety tests, Johnson arrested Perkins for
driving while intoxicated and transported Perkins to the Brazoria County Jail, where
Johnson read to Perkins the statutory warnings concerning the refusal to submit a
breath or blood specimen (form DIC-24). When Johnson requested that Perkins
submit a breath specimen, Perkins refused, and Johnson then gave Perkins a copy of
the statutory warnings and a notice of suspension (form DIC-25). 
          Perkins requested an administrative license revocation hearing to challenge the
suspension of his driver’s license. At the administrative hearing, DPS offered five
exhibits into evidence: (1) Trooper Johnson’s original written refusal report that 
Johnson had prepared on May 6, 2003, three days after the arrest; (2) the statutory
warning form; (3) the statutory notice of suspension form; (4) a certified copy of
Perkins’s driving record; and (5) Johnson’s supplemental written refusal report.


 
Perkins objected to the supplemental written refusal report, contending that
Transportation Code section 724.032(c) requires arresting officers to forward such
reports to DPS within five business days after the date of an arrest. Perkins argued
that, because the supplemental written refusal report was forwarded to DPS on July
11, 2003, it should not be admitted. The administrative law judge (ALJ) overruled
both of Perkins’s objections and admitted all five of DPS’s exhibits into evidence. 
          In its findings of fact, the ALJ found that: 
(1)     On May 3, 2003, reasonable suspicion to stop [Perkins] existed,
in that Trooper J. Johnson of the Texas Department of Public
Safety was dispatched to the scene of an accident on FM 521 on
the Brazos River bridge in Brazoria County, Texas. Upon arrival,
Trooper Johnson spoke with [Perkins], who identified himself to
Trooper Johnson as the operator of the vehicle involved in the
accident. [Perkins] was further identified by his driver’s license. 
 
(2)     On the same date, probable cause to arrest [Perkins] existed, in
that probable cause existed to believe that [Perkins] was operating
a motor vehicle in a public place while intoxicated because, in
addition to the facts in No. 1, Trooper Johnson observed a very
strong odor of an alcoholic beverage on [Perkins’s] breath and
that [Perkins] had red, glassy eyes. [Perkins] refused to submit to
any field sobriety tests save the Horizontal Gaze Nystagmus test.
 
(3)     [Perkins] was placed under arrest and was properly asked to
submit a breath or blood specimen.
 
(4)     After being requested to submit a specimen breath or blood,
[Perkins] refused.
 
(5)     [Perkins] has had one or more alcohol or drug related
enforcement contacts during the ten years preceding the date of
[Perkins’s] arrest, as is indicated on [Perkins’s] driving record.           In its conclusions of law, the ALJ determined that, based on its findings of fact,
DPS had proved the issues set out in section 724.042 and that, as a result, Perkins’s
driver’s license was subject to suspension or denial for two years. Thus, the ALJ
ordered that DPS was authorized to suspend or deny Perkins’s driving privileges for
two years.
          Perkins then appealed the ALJ’s suspension order to the county court at law. 
In his petition to set aside the ALJ’s order, Perkins contended that (1) the suspension
order had “deprived him of due process of law,” and (2) “there [was] no factual or
legal basis upon which an Order of Suspension should be issued as it pertains to his
driver’s license privileges.” At a hearing before the county court at law, Perkins
argued that there was insufficient evidence to prove that he was the driver of the
wrecked SUV because there was no corroboration of his admission. He also argued
that the supplemental written refusal report had not been filed within five days after
the arrest and, therefore, should not have been admitted into evidence at the
administrative hearing. Without stating the basis for its ruling, the county court at
law granted Perkins’s petition and set aside the ALJ’s suspension order. The county
court at law made no findings of fact or conclusions of law. 
Standard of Review
          Courts reviewing a license suspension must apply chapter 2001 of the Texas
Government Code, the Administrative Procedure Act (APA). See Tex. Transp.
Code Ann. §§ 524.002, 724.047 (Vernon 1999). Government Code section 2001.174
establishes the standard of judicial review for reviewing driver’s license a suspension.
See Tex. Gov’t Code Ann. § 2001.174 (Vernon 2000); Tex. Dep’t of Pub. Safety v.
Cantu, 944 S.W.2d 493, 495 (Tex. App.—Houston [14th Dist.] 1997, no writ). The
statute provides that [a] court may not substitute its judgment for the judgment of the state
agency on the weight of the evidence on questions committed to agency
discretion but: 

           (1)     may affirm the agency decision in whole or in part; and 
 
(2) shall reverse or remand the case for further proceedings if
substantial rights of the appellant have been prejudiced because
the administrative findings, inferences, conclusions, or decisions
are: 
 
                    (A)    in violation of a constitutional or statutory provision; 
 
                    (B)    in excess of the agency’s statutory authority;
 
                    (C)     made through unlawful procedure; 
 
                    (D)    affected by other error of law; 
 
                    (E)     not reasonably supported by substantial evidence
considering the reliable and probative evidence in the
record as a whole; or 
 
                    (F)     arbitrary or capricious or characterized by abuse of
discretion or clearly unwarranted exercise of discretion. 
 
Tex. Gov’t Code Ann. § 2001.174. “[T]o reverse an agency decision, the reviewing
court must conclude (1) that the agency’s decision was erroneous for one of the
reasons enumerated in subsections (A) through (F), and (2) that substantial rights of
the appellant have thereby been prejudiced.” Cantu, 944 S.W.2d at 495.
When appealing an administrative order to a trial court, the trial court is
required to examine the ALJ’s order to determine whether it is “reasonably supported
by substantial evidence” considering the record as a whole. See Tex. Gov’t Code
Ann. § 2001.174(2)(E). Substantial evidence means more than a mere scintilla. See
Mireles v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). The trial court
may not substitute its judgment for that of the agency, as the ALJ is deemed the
ultimate trier of fact. Id.; see Tex. Gov’t Code Ann. § 2001.174. In reviewing the
agency record, the existence of substantial evidence turns on the question of
reasonableness, not its correctness. R.R. Comm’n of Tex. v. Torch Operating Co., 912
S.W.2d 790, 792 (Tex. 1995). The findings and conclusions of the agency are
presumed valid. Tex. Dep’t of Pub. Safety v. Stacy, 954 S.W.2d 80, 83 (Tex. App.—
San Antonio 1997, no writ). Courts must affirm administrative findings in contested
cases if there is more than a scintilla of evidence to support them. Mireles, 9 S.W.3d
at 131; Torch Operating Co., 912 S.W.2d at 792-93; see generally Tex. Gov’t Code
Ann. § 2001.174. Any evidentiary ambiguities should be resolved in favor of the
administrative order with a finding of substantial evidence to support the ALJ’s
decision. See Torch Operating Co., 912 S.W.2d at 792; Tex. Health Facilities
Comm’n v. Charter Med.–Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984).
This court’s review of the trial court’s determination is undertaken de novo. 
Raesner v. Tex. Dep’t of Pub. Safety, 982 S.W.2d 131, 132 (Tex. App.—Houston [1st
Dist.] 1998, pet. denied). We review questions of law without affording any
deference to the trial court’s finding. Tex. Dep’t of Pub. Safety v. Cuellar, 58 S.W.3d
781, 784 (Tex. App.—San Antonio 2001, no pet.).
In his brief on appeal, Perkins argues that, because the county court at law
made no findings of fact or conclusions of law, its “decision must be affirmed on any
legal theory finding support in the evidence.” However, Perkins misstates the nature
of the review of an administrative decision. As noted above, courts reviewing
administrative decisions must comply with Government Code section 2001.174. 
Specifically, to reverse an agency decision, the reviewing court must conclude
(1) that the agency’s decision was erroneous for at least one of the six reasons
enumerated in subsections (A) through (F), and (2) that substantial rights of the
appellant have thereby been prejudiced. Tex. Gov’t Code Ann. § 2001.174; Cantu,
944 S.W.2d at 495. 
Here, in his petition to set aside the administrative suspension order, Perkins
generally asserted two grounds upon which the county court at law should have
reversed the ALJ’s decision: (1) the ALJ’s findings, inferences, conclusions, or
decisions were made through unlawful procedures because the ALJ admitted Trooper
Johnson’s supplemental written refusal report into evidence, and (2) the ALJ’s
findings, inferences, conclusions, or decisions were not reasonably supported by
substantial evidence as to whether reasonable suspicion and probable cause existed
to arrest Perkins for driving while intoxicated and whether Perkins was properly
requested to submit to a breath or blood specimen.


 Compliance with Section 724.032(c)
          In its second point of error, DPS contends that the trial court erred in impliedly
finding, if it did, that Trooper Johnson’s supplemental written refusal report was
improperly admitted on the ground that Johnson had failed to send a copy of his
supplemental written refusal report to DPS within five business days after the date of
Perkins’s arrest. 
          At the administrative hearing, Perkins argued that DPS’s failure to show that
the arresting officer had forwarded the supplemental written refusal report to DPS
within five business days after the arrest rendered the documents inadmissible. See
Tex. Transp. Code Ann. § 724.032(c) (Vernon Supp. 2004-2005).
          We review administrative rulings on the admission or exclusion of evidence
under an abuse of discretion standard. See Tex. Dep’t of Pub. Safety v. Mendoza, 956
S.W.2d 808, 810 (Tex. App.—Houston [14th Dist.] 1997, no pet.). A court abuses
its discretion if it acts without reference to any guiding rules and principles or acts
arbitrarily and unreasonably. Id. at 810-11. 
          Transportation Code section 724.032(c) states that “[t]he officer shall forward
to the department not later than the fifth business day after the date of the arrest a
copy of the refusal report.” Tex. Transp. Code Ann. § 724.032(c)(4). Whether a
statutory provision is mandatory or directory is a question of law, and we exercise de
novo review over questions of law in an APA appeal. See In re Humphreys, 880
S.W.2d 402, 404 (Tex. 1994); Mendoza, 956 S.W.2d at 811.
          The Code Construction Act defines “shall” as follows: “‘Shall’ imposes a
duty.” Tex. Gov’t Code Ann. § 311.016(2) (Vernon 1998). We agree that, pursuant
to section 724.032(c)(4), Trooper Johnson had a duty to forward to the department
a copy of the notice of suspension or denial and the refusal report not later than the
fifth business day after the date of Perkins’s arrest. See Tex. Transp. Code Ann.
§ 724.032(c)(4); Tex. Dep’t of Pub. Safety v. Gratzer, 982 S.W.2d 88, 90-91 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). However, as this court has previously held,
the statute does not require the conclusion that an officer’s failure to comply with this
duty renders the report inadmissible. Id. 
          The Supreme Court addressed the interpretation of “shall” in Chisholm v.
Bewle Mills as follows: 
There is no absolute test by which it may be determined whether a
statutory provision is mandatory or directory. The fundamental rule is
to ascertain and give effect to the legislative intent. Although the word
“shall” is generally construed to be mandatory, it may be and frequently
is held to be merely directory. In determining whether the Legislature
intended the particular provision to be mandatory or merely directory,
consideration should be given to the entire act, its nature and object, and
the consequences that would follow from each construction. Provisions
which are not of the essence of the thing to be done, but which are
included for the purpose of promoting the proper, orderly and prompt
conduct of business, are not generally regarded as mandatory. If the
statute directs, authorizes or commands an act to be done within a
certain time, the absence of words restraining the doing thereof
afterwards or stating the consequences of failure to act within the time
specified, may be considered as a circumstance tending to support a
directory construction. 
 
Chisholm, 287 S.W.2d 943, 945 ( Tex. 1956); see also Gratzer, 982 S.W.2d at 91. 
          Applying the Chisholm analysis, we conclude that the requirement of section
724.032(c) is merely directory.


 See Gratzer, 982 S.W.2d at 91; Mendoza, 956
S.W.2d at 812. “Generally, provisions regulating the duties of police officers and
specifying the time for their performance are held to be directory.” Mendoza, 956
S.W.2d at 812. Section 724.032(c)(4) contains no specific language specifying the
consequences for an officer’s failure to forward the written refusal report on time, nor
does it suggest that proof of compliance is a predicate to some other action. Gratzer,
982 S.W.2d at 91; Mendoza, 956 S.W.2d at 812. We conclude that the legislature
intended the provision to be a housekeeping procedure placed in the statute to further
the prompt and orderly conduct of DPS’s business and meant it only as a directory
requirement. Gratzer, 982 S.W.2d at 91; Mendoza, 956 S.W.2d at 812; Tex. Dep’t
of Pub. Safety v. Repschleger, 951 S.W.2d 932, 934 (Tex. App.—Houston [14th
Dist.] 1997, no pet.). 
          Thus, we conclude that, although Johnson’s supplemental written refusal report
was not filed within five days after Perkins’s arrest, Johnson’s failure to comply with
section 724.032(c)’s time requirement did not render the supplemental report
inadmissible. Such reports are admissible under the public records exception to the
hearsay rule. Tex. R. Evid. 803(8); Gratzer, 982 S.W.2d at 90; Tex. Dep’t of Pub.
Safety v. Duggin, 962 S.W.2d 76, 80 (Tex. App.—Houston [1st Dist.] 1997, no pet.). 
Therefore, the ALJ’s admission of the supplemental written refusal report was not an
abuse of discretion. 
          We sustain DPS’s second issue.
 
Substantial Evidence
          In its first issue, DPS argues that the county court at law erred in reversing the
ALJ’s decision because DPS met its burden in establishing that reasonable suspicion
and probable cause existed to arrest Perkins for driving while intoxicated and that 
Perkins refused to submit a breath or blood specimen after being requested to submit
such a specimen. 
          At a license suspension hearing, DPS bears the burden of proving: 
(1) reasonable suspicion or probable cause existed to stop or arrest the person;
(2) probable cause existed to believe that the person was operating a motor vehicle
in a public place while intoxicated; (3) the person was placed under arrest by the
officer and was requested to submit to the taking of a specimen; and (4) the person
refused to submit to the taking of a specimen on request of the officer. Tex. Transp.
Code Ann. § 724.042 (Vernon Supp. 2004-2005). Here, there was substantial
evidence in the administrative record to support the ALJ’s decision. Trooper
Johnson’s supplemental report provides a basis in the record for the ALJ to make
affirmative findings on all four elements of section 742.042. 
          Substantial evidence existed to support the ALJ’s finding that Trooper Johnson
had reasonable suspicion and probable cause to arrest Perkins for driving a motor
vehicle while intoxicated. The determination of the existence of probable cause
concerns practical considerations of everyday life on which reasonable people, not
legal technicians, act. See Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App.
1997). Johnson’s supplemental written refusal report indicates that Johnson saw a
wrecked SUV facing north on the FM 521 Brazos River bridge and that the SUV had
apparently struck the bridge at its entrance and had traveled along the rail before
coming to rest half-way across the bridge. According to his report, Johnson
approached Perkins, who was standing at the back of the wrecked SUV, and Perkins
told him that he had been “driving from a party in the Wild Peach area and that he
[had] lost control of the vehicle as he approached the bridge.” Furthermore,
Johnson’s report recited that Perkins had “red glassy eyes and emitted a very strong
odor of an alcoholic [beverage] on or about his breath,” that Perkins’s eyes “exhibited
lack of smooth pursuit,” that “distinct nystagmus was present at the maximum
deviation,” and that “the onset of nystagmus was present prior to 45 degrees.” 
Johnson’s original and supplemental refusal reports noted that Perkins had refused
to perform any other sobriety tests. The observation of the odor of alcohol, glassy,
bloodshot eyes, and the failure to properly perform field sobriety tests can constitute
probable cause for arrest. See, e.g., Held v. State, 948 S.W.2d 45, 51 (Tex.
App.—Houston [14th Dist.] 1997, pet. ref’d). 
          Substantial evidence also existed to support the ALJ’s finding that, after
Perkins’s arrest, Johnson requested Perkins to submit a breath specimen, and Perkins
refused to submit such a specimen. The written refusal reports also provided that,
after Johnson read the statutory warnings concerning license suspension to Perkins,
Johnson requested a breath specimen, and Perkins refused to submit one. 
            Perkins argues that his statement to Johnson that Perkins was driving the
wrecked SUV from a party was not sufficient to support a finding that he, in fact, was
the driver of the wrecked SUV. However, DPS is not required to prove that Perkins
was, in fact, driving while intoxicated in order to suspend his license under section
724.042. See Church v. State, 942 S.W.2d 139, 140 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d). The determination of whether the driver did, in fact, operate a
motor vehicle while intoxicated is a criminal matter, while a license suspension is a
civil matter, requiring only probable cause to believe the driver was driving while
intoxicated. Id; see Tex. Transp. Code Ann. § 724.048(a) (Vernon 1999). “The
statute authorizing the suspension hearing neither requires nor empowers the ALJ to
decide the ultimate issue of whether appellant was actually operating a motor vehicle
while intoxicated.” Church, 942 S.W.2d at 140. Thus, at the license suspension
hearing, Perkins’s admission to Johnson that he was the driver, along with the
corroborating evidence that Perkins was driving while intoxicated, was sufficient for
the ALJ to find that probable cause existed for Johnson to arrest Perkins for driving
while intoxicated. 
          Perkins also argues that there was no evidence of when the accident occurred. 
However, proof of the time of the accident is not a dispositive factor in license
suspension cases. See, e.g., Tex. Dep’t of Pub. Safety v. Pruitt, 75 S.W.3d 634, 640-41 (Tex. App.—San Antonio 2002, no pet.) (affirming license suspension when no
time of accident was established and police officer’s report on single SUV accident
indicated driver had mild odor of alcohol and slurred speech); see also Tex. Dep’t of
Pub. Safety v. Jones, 938 S.W.2d 785, 787 (Tex. App.—Beaumont 1997, no writ)
(affirming license suspension when no time of accident was established, driver left
scene of accident, and the police officer testified that, when he located driver, driver
had slurred speech, strong odor of alcohol, and impaired ability to walk). 
             Based on the foregoing evidence, we hold there was substantial evidence to
support the ALJ’s findings that probable cause existed for Johnson to arrest Perkins
for operating a motor vehicle in a public place while intoxicated, that Perkins was
properly asked to submit a breath or blood specimen after his arrest, and that he
refused to submit such a specimen.
            Accordingly, we sustain DPS’s first issue. 
Conclusion
          Having held that the grounds on which Perkins relied in his petition to set aside
his administrative suspension order are not warranted, we reverse the order of the
county court at law, and we render judgment affirming the administrative decision
suspending Perkins’s driver’s license.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Bland.