**Reverse and Render; Opinion Filed June 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01198-CV

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant
### V.
### MEGAN LEIGH TODD, Appellee

**On Appeal from the County Court at Law No. 2**
**Hunt County, Texas**
**Trial Court Cause No. CC1300106**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

The Texas Department of Public Safety appeals from the trial court's judgment reversing an administrative decision suspending Megan Leigh Todd's driver's license. In its sole issue, the Department generally contends the trial court erred in ruling the peace officer's report was not admissible and that specific statements within the report were inadmissible hearsay and conclusory.[1] For the reasons that follow, we reverse the trial court's judgment and render judgment reinstating the administrative order.

The following facts were taken from the peace officer's report admitted into evidence at the administrative hearing. On October 9, 2012, Commerce Police Officer Brandon Quimbey responded to assist Officer Clark on a traffic stop possibly involving an intoxicated person.

---

[1] Appellee has not filed a brief with this Court.

Clark advised Quimbey that he had observed a vehicle traveling "at a high rate of speed above the posted speed limit, weave over the lane divider and travel on the wrong side of the roadway." Clark also stated that when he activated his lights to pull the vehicle over, the vehicle continued for a short distance before coming to an abrupt stop. Quimbey identified Megan Leigh Todd as the driver of the vehicle stopped by Clark and noticed that Todd exhibited numerous symptoms of intoxication. Quimbey told Todd why she had been stopped, and Todd "confirmed" the reason for the stop and apologized. After failing field sobriety tests administered by Quimbey, Todd was offered the opportunity to provide a breath sample. She refused. Quimbey then placed Todd under arrest for driving while intoxicated, read her the statutory warning, and requested a blood specimen. Todd refused the request.

As a result of her refusal to provide a specimen, the Department suspended Todd's license for 180 days pursuant to section 724.035 of the Texas Transportation Code. Todd requested an administrative hearing to challenge the suspension. At the hearing, the Department's evidence consisted of Quimbey's "Peace Officer's Sworn Report," which was admitted into evidence over Todd's objections. Todd had unsuccessfully argued that the report was untrustworthy because it was missing pages, was sworn to on October 9, 2012, but the report's pages had a date of October 10, 2012 in the lower left corner, and the report contained inadmissible hearsay and conclusory statements from Clark. After the hearing, the administrative law judge sustained the suspension of Todd's driver's license. Todd then appealed the administrative decision to the trial court reasserting the objections she made at the administrative hearing. The trial court reversed the administrative decision and the Department filed this appeal.

In the trial court and on appeal, an administrative decision on a license suspension is reviewed under a substantial evidence standard. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d

–2–

128, 131 (Tex. 1999). Our review of the trial court's substantial evidence review is de novo. *See Tex. Dep't of Pub. Safety v. Alford,* 209 S.W.3d 101, 103 (Tex. 2006). Under the applicable standard, the administrative decision may not be reversed unless it prejudices Todd's substantial rights and it is (1) in violation of a constitutional or statutory provision, (2) in excess of the agency's statutory authority, (3) made through unlawful procedure, (4) affected by other error or law, (5) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole, or (6) arbitrary or capricious or characterized by an abuse of discretion or a clearly warranted exercise of discretion. TEX. GOV'T CODE ANN. § 2001.174(2) (West 2008).

The resolution of this appeal turns on the admissibility of Quimbey's sworn police report, which was the only evidence offered by the Department during the administrative hearing. The report was admitted into evidence by the administrative law judge over Todd's various objections. The trial court reversed the administrative decision, concluding "[t]he officer's report itself lacked any indicia of reliability because of his swearing to something that existed on October 9, when the evidence admitted was created on October 10." The trial court also determined the report contained only hearsay and conclusory statements from Officer Clark and, thus, could not support a finding of probable cause for the initial stop.

The Texas Rules of Evidence are applicable to administrative proceedings such as the one held in this case. *See Tex. Dept. of Pub. Safety v. Caruana*, 363 S.W.3d 558, 560 (Tex. 2012). Generally, a police officer's report is admissible in license suspension proceedings under the business records exception to the hearsay rule even when the report is unsworn. *See* TEX. R. EVID. 803(8)(C); *Caruana*, 363 S.W.3d at 560–63. As noted in *Caruana,* the report's veracity is assured by the prohibition against false statements in government records. *Id*. at 562–63.

Todd argued Quimbey's report was untrustworthy and therefore inadmissible because the officer swore to the report the day before a date noted on the report and because the report was missing pages. Under rule 803(8)(C), the party opposing the report's admission must prove its untrustworthiness. *See Lozano v. State*, 359 S.W.3d 790, 818 (Tex. App.—Fort Worth 2012, pet. ref'd). The untrustworthiness determination is not based on the credibility of the report itself or the testimony contained in the report, but rather the report's reliability considering the sources of information and other circumstances. *Id*. at 817–18. Todd's objections did not attack the sources of the information for Quimbey's report. Instead, she attacked the credibility of the report itself based on the missing pages and the discrepancy between the date on the report pages and the attached affidavit (DIC-23). Although these complaints might affect the weight to be given Quimbey's report, they do not impact its admissibility as an investigative report made pursuant to authority granted by law. *See Tex. Dept. of Pub. Safety v. Escobedo*, No 13-07-00498-CV, 2008 WL 2895710, at *3 (Tex. App.—Corpus Christi July 29, 2008, no pet.) (mem. op.) (sworn police report missing booking sheet did not preclude admission into evidence); *see also Ramos v. Tex. Dep't of Pub. Safety*, 04-05-00389-CV, 2006 WL 467969, at *2 (Tex. App.—San Antonio March 1, 2006, no pet.) (mem. op.) (sworn report admissible even though it listed incorrect number of pages and some attachments did not name arrestee).

Todd's complaints with respect to hearsay and conclusory statements contained within the report did not affect the report's admissibility. Contrary to Todd's assertion, Quimbey's statements in his report about what he had been told by Clark about the initial stop of Todd were admissible. *See* TEX. R. EVID. 803(8)(c) and 805; *Tex. Dept. of Pub. Safety v. Bond,* 955 S.W.2d 441, 445–46 (Tex. App.—Fort Worth 1997, no pet.) (statements in officer's report from another officer regarding initial stop admissible over hearsay objection); *Tex. Dept. of Pub. Safety v. Duggin*, 962 S.W.2d 76, 80 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (probable cause

affidavit admitted over hearsay objection that it contained some other officer's observations). To the extent the trial court characterized Clark's statements supporting the initial stop as conclusory, we disagree. According to Quimbey's report, Clark observed Todd's vehicle traveling at a high rate of speed above the posted speed limit and "weave over the lane divider and travel on the wrong side of the roadway." These are specific, articulable facts that Clark witnessed about Todd's driving behavior regarding the observed traffic code violations of unsafe speed and driving on the wrong side of the road by Todd. *See* TEX. TRANSP. CODE ANN. §§ 545.351 and 545.051(a) (West 2011). Accordingly, the trial court erred in reversing the administrative decision on this basis.

We conclude the administrative law judge acted within his discretion in admitting Quimbey's report and the administrative decision is supported by substantial evidence. We therefore reverse the trial court's order and render judgment reinstating the administrative law judge's decision authorizing the suspension of Todd's driving license.

/David Evans/
_____
DAVID EVANS
JUSTICE

131198F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

No. 05-13-01198-CV      V.

MEGAN LEIGH TODD, Appellee

On Appeal from the County Court at Law No. 2, Hunt County, Texas
Trial Court Cause No. CC1300106.
Opinion delivered by Justice Evans, Justices Fillmore and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

The administrative law judge's decision authorizing the suspension of Megan Leigh Todd's driving license is reinstated.

It is **ORDERED** that appellant Texas Department of Public Safety recover its costs of this appeal from appellee Megan Leigh Todd.


Judgment entered this 12th day of June, 2014.


/David Evans/
DAVID EVANS
JUSTICE