**Carroll Blake LAING, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 2–85–171–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 5, 1985.

Michael F. Payne, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. Atty., and D. Scott Reddell, Asst. Crim. Dist. Atty., for appellee.

Before BURDOCK and HOPKINS, JJ., and HUGHES, J., Retired (Sitting by Assignment).

## OPINION

HOPKINS, Justice.

Appellant, Carroll Blake Laing, appeals from an order of the County Court at Law, Wichita County, Texas, suspending his driver's license and driving privileges for a period of 90 days. TEX.REV.CIV.STAT. ANN. art. 6701l-5, sec. 2(f) (Vernon Supp. 1985).

We affirm the judgment.

Laing's sole point of error is that there is no evidence in the record to support the order of suspension for failure to submit to a breath/blood test after being duly requested to do so by a peace officer. We disagree.

This was a bench trial and no findings of fact or conclusions of law were filed nor requested. In such instances, the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). These implied findings may be challenged by "no evidence" and "insufficient evidence" points and where such points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Burnett*, 610 S.W.2d at 736.

In deciding a "no evidence" point, we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *See Stedman v. Georgetown S. & L. Ass'n*, 595 S.W.2d 486, 488 (Tex.1979). If there is any evidence or probative force to support the challenged finding, then it must be upheld. *Id.*

In this case, over a "hearsay" objection by Laing, a certified packet of records containing his driver's license information was admitted into evidence through the witness Garrett. Garrett testified that he was employed by the Texas Department of Public Safety in the drivers license division and that his duties primarily consisted of

acting as custodian of the records and representing the department in administrative hearings and appeals. The packet included a certification of records, an order and a second order of suspension, a request for and notice of administrative hearing, a notice of suspension, a probable cause affidavit and a statutory warning sheet. The probable cause affidavit was made under oath by a member of the Dallas Police Department and certified that the affiant arrested Laing for driving while intoxicated and that he requested Laing to submit to a breath or blood analysis and that Laing refused to submit to such analysis. These records, properly certified to as public records in accordance with TEX.R.EVID.

902(4) and admitted as an exception to the hearsay rule under TEX.R.EVID. 803(8), were sufficient evidence upon which the trial court had authority to enter its order in accordance with the provision of TEX. REV.CIV.STAT.ANN. art. 5701*l*–5, sec. 2(f).

Laing's sole point of error is overruled and the judgment is affirmed.