Howard Randal CLEMENT,

v.

## TEXAS DEPARTMENT OF PUBLIC SAFETY.

No. 2–86–013–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1986.

Donald E. Short, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty. and D. Scott Reddell, Asst. Dist. Atty., Wichita Falls, for appellee.

Before BURDOCK, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal from a judgment suspending Howard Randal Clement's driving license and driving privileges for a period of ninety days. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–5 (Vernon Supp.1986).

We affirm.

This appeal arises from the district court's judgment, upholding the affirmative finding of a municipal court in suspending Clement's driving license for a period of ninety days. Almost all of the Texas Department of Public Safety ("D.P. S." herein) evidence was produced in the form of a packet of public records marked as D.P.S.'s exhibit one. That exhibit contained Clement's driver's license information, certification of records, order and second order of suspension of Clement's license, a request for and notice of the administrative hearing, a notice of the suspension of license, a statutory warning sheet of warnings given by the arresting officer to Clements, and a probable cause affidavit by a Department of Public Safety officer (hereinafter referred to as a "DIC–23"). It is important to note that the probable cause affidavit was signed by the offi-

cer who administered the *Miranda* [1] warnings, requested a breath specimen, and gave the appropriate written warnings. However, he was not the officer who made the initial stop.

The affidavit and other material state that Clement was driving his car on a public highway around midnight without the headlights. Before the initial stop, the car was weaving. After the stop, Clement's breath smelled strongly of alcohol, his eyes were bloodshot, his balance unsteady, and his speech was slurred. As a result, he was requested to give a breath specimen and he refused to do so. Before being placed in jail, he was videotaped.

The county attorney testified at the trial that as a result of the videotape, he decided not to prosecute Clement for driving while intoxicated because he did not feel there was enough evidence to convince a jury that Clement was intoxicated. However, the county attorney testified that he did not make any determination as to whether there was probable cause to stop the vehicle. In fact, he testified that the officer who stopped Clement would be best able to make a determination of probable cause.

In his only point of error, Clement contends that there was no evidence, or in the alternative, insufficient evidence to support the court's judgment.

■ This was a trial to the court. No findings of fact or conclusions of law were filed or requested. As a result, the judgment of the trial court implies all necessary findings of fact in support of the judgment. *In the interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980); *Laing v. Tex. Dept. of Public Safety*, 700 S.W.2d 38, 39 (Tex.App.—Fort Worth 1985, no writ).

However, these implied findings may be challenged by "no evidence" and "insufficient evidence" points. The standard of review is the same that we apply in the review of jury findings or the trial court's

findings of fact and conclusions of law. *Burnett*, 610 S.W.2d at 736.

The standard of review in "no evidence" and "insufficient evidence" are different. In deciding a "no evidence" point, we must consider only the evidence and inferences tending to support the finding by the court and disregard all evidence and inferences to the contrary. In other words, if there was any evidence of probative force to support the challenged finding, it must be upheld. *Stedman v. Georgetown S. & L. Ass'n*, 595 S.W.2d 486, 488 (Tex.1979).

In "insufficient evidence" points, we are to consider all the evidence in the case, both in support and contrary to the implied findings, to determine if the evidence supporting the finding is so weak or that evidence to the contrary so overwhelming that the judgment should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

When we apply these standards to the evidence in this case, we find Clement's challenge fails both tests. Article 6701*l*–5, section 2, sets forth the findings that a court must make for suspending driving privileges for refusal to give a breath specimen upon request. Specifically, the court must find:

(1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle ... while intoxicated;

(2) that the person was placed under arrest by the officer at such time and before offering the person an opportunity to be tested ...;

(3) that such person refused to submit to the test ...

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2 (Vernon Supp.1986).

It is undisputed that Clement was arrested, requested to give a specimen, and failed to do so. As a result, the only subject for inquiry is whether probable cause existed to stop Clement for driving the car while intoxicated. Obviously, this is not the same standard that is required for convic-

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (hereinafter *"Mi-* *randa"*).

tion for the crime of driving while intoxicated. A driver's license may be suspended even if the person is not subsequently prosecuted as a result of the arrest. TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, § 2 (Vernon Supp.1986).

Two items of evidence were introduced on the issue of probable cause. The first was a form DIC–23, which was the affidavit of Ronnie Miller, the officer who requested the breath specimen. The second was the testimony of Clement himself. Clement attacks Miller's affidavit claiming it is not trustworthy because it was not made on personal knowledge. It is interesting to note that Clement does not claim the affidavit is inadmissible, even though it was objected to at trial.

Miller was the officer who offered the breath specimen test to Clement. However, Miller did not make the initial stop and evidently did not view Clement's vehicle without its lights on, weaving on the highway. Clements was originally arrested by a Burkburnett police officer and brought to the Wichita Falls Department of Public Safety station for the breath test.[2]

A certified packet of records, containing the DIC–23, was admitted into evidence through witness Garrett. Garrett testified that he was employed by the Texas Department of Public Safety in the Driver's License Division and he was acting as custodian of the records as well as representing the department in administrative hearings and appeals. The affidavit stated that Clement was stopped after his vehicle was observed without headlights and weaving on a public highway. It also states that Clement's breath smelled of alcohol, he was unsteady, his eyes were bloodshot and his speech slurred. The packet of materials were obviously public records, certified in accordance with TEX.R.EVID. 902(4), and admitted as an exception to the hearsay rule under TEX.R.EVID. 803(8).

■ Rule 803(8) provides that public records and reports are admissible as an exception to the hearsay rule in any of three instances. In this case, the DIC–23

form falls under rule 803(8)(B) or 803(8)(C). There is no requirement in the rule that the person making the report made it on personal knowledge. In fact, rule 805 provides that hearsay statements included in other hearsay statements is not excluded if either statement is otherwise admissible. In the instant case, the evidence was admissible and was of probative value.

Clement claims that the DIC–23 form lacks trustworthiness and as a result, is not an exception to the hearsay rule under TEX.R.EVID. 803(8)(C). We decline to find that the sources of information in the affidavit or other circumstances surrounding the affidavit indicated a lack of trustworthiness. The trial court was in a much better position to make this judgment than this court.

■ In any event, the judgment of the court must be affirmed on Clement's own testimony. He testified that he was driving on a public highway while his headlights were not working. He stated that he could have been weaving because of his efforts to try to fix the headlights. Furthermore, he had had two glasses of champagne earlier in the evening which could have given his breath the smell of alcohol and he expressly admitted that his eyes were bloodshot because of a severe lack of sleep. These facts alone gave the officer probable cause to stop Clement for a D.W.I. investigation and request a breath specimen.

In reviewing all the evidence, we find there was sufficient evidence to support the court's judgment. The judgment is affirmed.

---

**2.** However, Clement testified that it was Miller who had stopped him on Highway 277 originally. Testimony of the Department of Public Safety custodian was to the contrary.