**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Johnny Michael EDWARDS, Appellee.**

No. 11–96–039–CV.

Court of Appeals of Texas, Eastland.

Dec. 12, 1996.

James Eidson, District Attorney, Gary A. Orren, Assistant District Attorney, Abilene, for Appellant.

Randy Wilson, Abilene, for Appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## Opinion

ARNOT, Chief Justice.

The driver's license of Johnny Michael Edwards was suspended under former Tex.Rev. Civ.Stat. art. 6701*l*–5, § 2 (1993)[1] for his refusal to take a breath test. Edwards appealed the suspension to the county court at law. After a trial· de novo, the county court at law reinstated Edwards' license. The Texas Department of Public Safety appeals complaining in its sole point of error of an evidentiary ruling.

■ The issue in this appeal is whether Tex.R.Civ.Evid. 803(8) or Tex.R.Crim.Evid. 803(8) applies in a hearing regarding a driver's license suspension. The county court at law refused to admit an exhibit offered by the Department through its custodian of records. The exhibit, a report prepared by the arresting officer, details the circumstances of Edwards' arrest for driving while intoxicated on December 15, 1994, and the officer's probable cause for the arrest. The county court at law determined that the suspension of a driver's license is quasi-criminal in nature and that, therefore, the exhibit was inadmissible because it contains "matters observed by police officers" under Criminal Rule 803(8). Without this exhibit, there was no evidence of probable cause as required by former Article 6701*l*–5, § 2(f). Consequently, Edwards' license was reinstated.

1. See current codification in Tex.Transp.Code Ann. § 724.001 et seq. (Vernon Pamph.1997).

We hold that the refusal to admit the exhibit was error. A driver's license suspension is not quasi-criminal in nature; it is a civil matter. A "driver's license is not a right, but a privilege." *Texas Department of Public Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985); see also Article 6701*l*–5, section 2(b). Therefore, Civil Rule 803(8) should have been applied at trial; and the exhibit should have been admitted into evidence. See *Clement v. Texas Department of Public Safety*, 726 S.W.2d 579, 581 (Tex. App.—Fort Worth 1986, no writ) (applying the Texas Rules of Evidence as they existed prior to the adoption of the Texas Rules of Criminal Evidence). The error in refusing to admit the exhibit is reversible error under TEX.R.APP.P. 81(b)(1) because the exhibit contained evidence of probable cause which was otherwise lacking. The Department's sole point of error is sustained.

The judgment of the county court at law is reversed, and the cause is remanded for a new trial.