TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00430-CV






Connie Sue Long, Appellant



v.



Texas Department of Public Safety, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 244,678, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING






 Connie Sue Long appeals from the county court's affirmance of the administrative
law judge's (ALJ) decision to sustain the suspension of Long's driver's license for sixty days for
driving while intoxicated. Long raises one issue contending that the county court should have
reversed the suspension because the ALJ erroneously admitted hearsay evidence. We will affirm
the county court's judgment.


Background


 On October 23, 1998, Austin police officer George Tukums stopped Long for
speeding. When a second Austin police officer, Jonathan Martin, arrived on the scene, Officer
Tukums orally reported to Officer Martin facts related to the stop. After Officer Martin
administered field sobriety tests, he arrested Long for driving while intoxicated. Later, Long
failed a breath test and the Department suspended her driver's license. See Tex. Transp. Code
Ann. § 524.011 (West 1999).

 Long contested the suspension and requested an administrative hearing. At the
hearing, the Department offered as evidence a packet of materials including the DIC-23 that
Officer Martin prepared following Long's arrest. See Tex. Transp. Code Ann.
§ 524.011(b)(2)(B) (West 1999). The DIC-23 is the Department-approved form used for reporting
information related to a driver's license suspension. See Tex. Transp. Code Ann. § 524.011
(West 1999). The DIC-23 incorporated Officer Martin's affidavit for warrant of arrest and
detention which included information that Officer Tukums had observed Long driving a 1997 Ford
Ranger truck in the 7500 block of Burnet Road, a public place, and stopped Long for speeding--50
mph in a 40 mph zone. Officer Martin also testified to the same effect. Long objected to Officer
Martin's testimony and that the information in the DIC-23 regarding Officer Tukums's stop, since
offered for the truth of the matter, was inadmissable hearsay. The Department responded that the
information about the stop in the DIC-23 was admissible under the public report or record
exception to the hearsay rule. See Tex. R. Evid. 803(8)(B). The ALJ agreed with the
Department, overruled Long's objections, admitted all of the DIC-23, and allowed Officer Martin
to testify that Long was stopped for speeding. The ALJ sustained the Department's suspension
of Long's driver's license and the county court affirmed the suspension. 


Discussion


 At an administrative hearing addressing the suspension of a driver's license for
failing a breath test, the elements that must be proved by a preponderance of the evidence are (1)
that the person had an alcohol concentration of a level specified by section 49.01(2)(B) of the
Penal Code, (2) while operating a motor vehicle in a public place and (3) there was reasonable
suspicion to stop or probable cause to arrest the person. See Tex. Transp. Code Ann. § 524.035
(West 1999). Long contends the only evidence that she was operating a motor vehicle was Officer
Martin's testimony and the portion of the DIC-23 stating that Officer Tukums stopped her for
speeding. Long argues that this portion of the report was admissible as to the element of
reasonable suspicion to stop and probable cause to arrest; however, it was hearsay offered for the
truth of the matter that she was operating a vehicle. 

 The issue on appeal is whether the ALJ reversibly erred by admitting the portions
of the DIC-23 and testimony that related to Officer Tukums's initial stop of Long for speeding to
prove that Long was actually operating a motor vehicle. 

 We review administrative rulings on the admissibility of evidence under the same
abuse of discretion standard we apply to trial courts. See City of Amarillo v. Railroad Comm'n,
894 S.W.2d 491, 495 (Tex. App.--Austin 1995, writ denied). A court abuses its discretion if it
acts arbitrarily or unreasonably, or without reference to guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 Public records are excepted from the hearsay exclusion if they (1) set forth fact-findings resulting from an investigation made pursuant to authority granted by law; or (2) if they
set forth matters observed under a legal duty about matters that there is a duty to report. Tex. R.
Evid. 803(8)(B); see also Blankenbeker v. Texas Dep't of Pub. Safety, 990 S.W.2d 813, 817 (Tex.
App.--Austin 1999, pet. filed); Texas Dep't of Pub. Safety v. Bond, 955 S.W.2d 441, 446 (Tex.
App.--Fort Worth 1997, no pet.). Rule 803(8) specifically provides that a public record or report
may be in any form. Tex. R. Evid. 803(8). Additionally, Texas Rule of Evidence 805 provides
that a hearsay statement included in another hearsay statement is not excluded if either statement
is otherwise admissible. See Clement v. Texas Dep't of Pub. Safety, 726 S.W.2d 579, 581 (Tex.
App.--Fort Worth 1986, no writ).

 We conclude that the ALJ did not abuse its discretion in admitting all of the DIC-23. The DIC-23 report was admitted into evidence through Officer Martin, the arresting officer. 
There is no requirement that the DIC-23 be based on the arresting officer's personal knowledge.
Id. The DIC-23 and the rest of the packet of materials were obviously public records, certified
in accordance with Texas Rule of Evidence 902(4) and admitted by the ALJ as an exception to the
hearsay rule under Rule 803(8). See id.; see also Texas Dep't of Pub. Safety v. Gratzer, 982
S.W.2d 88, 90 (Tex. App.--Houston [1st. Dist.] 1998, no pet.); Bond, 955 S.W.2d at 441; Porter
v. Texas Dep't of Pub. Safety, 712 S.W.2d 263, 264-65 (Tex. App.--San Antonio 1986, no writ)
(cases addressed suspension of driver's license under Texas Transportation Code section 724.042
after driver refused to take breath test). Because the DIC-23 prepared by Officer Martin was
admissible under Rule 803(8), any hearsay statements contained in the DIC-23 were also
admissible. See Tex. R. Evid. 805.

 Finally, Long argues that reasonable suspicion to stop or probable cause to arrest
are only issues in a driver's license suspension case when a person refuses to take a breath test
and are not issues when a person fails a breath test. We disagree. The statute clearly provides
that reasonable suspicion to stop or probable cause to arrest a person is an element to be proved
at a hearing addressing the suspension of a driver's license for failing a breath test. See Tex.
Transp. Code Ann. § 524.035(a)(2) (West 1999). As mentioned earlier, Long concedes the DIC-23 information about the stop was admissible to show that there was a reasonable suspicion to stop
or probable cause to arrest Long. Because the statement was admissible to show reasonable
suspicion or probable cause it was also admissible to show that Long was operating a vehicle. 
See Tex. R. Evid. 805.


Conclusion


 The ALJ did not abuse its discretion in overruling Long's hearsay objection and
admitting information in the DIC-23 that Officer Tukums observed Long driving and stopped her
for speeding. The issue on appeal is overruled.

 The county court's judgment is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 13, 2000

Do Not Publish



EM>See Tex. Transp. Code Ann. § 524.035
(West 1999). Long contends the only evidence that she was operating a motor vehicle was Officer
Martin's testimony and the portion of the DIC-23 stating that Officer Tukums stopped her for
speeding. Long argues that this portion of the report was admissible as to the element of
reasonable suspicion to stop and probable cause to arrest; however, it was hearsay offered for the
truth of the matter that she was operating a vehicle. 

 The issue on appeal is whether the ALJ reversibly erred by admitting the portions
of the DIC-23 and testimony that related to Officer Tuku