**SECURITY NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Roger A. FARMER and Hartford Fire Insurance Company, Appellees.**

No. 2–00–377–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 3, 2002.

Alexander N. Beard, Bishop & Hummert, P.C., Darryl J. Silvera, Silvera & Associates, Dallas, for appellant.

Bryan Haynes, Jeffrey A. Logan, Locke, Liddell & Sapp, L.L.P., Dallas, for appellees.

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### Introduction

In this workers' compensation case, we must decide whether the trial court applied the correct standard of review to a Texas Workers' Compensation Commission Appeals Panel's decision. Because we conclude that the trial court applied the incorrect standard of review, we will reverse and remand.

### Background

In January 1995, Roger Farmer sustained an on-the-job, low back injury. At that time, Security National Insurance Company was his employer's workers' compensation carrier. An MRI report revealed small disc herniations at L4–5 and L5–S1. Security National did not dispute Farmer's injury and began paying workers' compensation benefits. In March of 1995, Farmer reached maximum medical improvement with a zero percent impairment rating and was released to return to work. After March 1995, Farmer did not seek any medical treatment until December 1997, when he began experiencing back pain that would not go away. He could not, however, relate his complaints to a specific incident.

On April 2, 1998, Farmer sustained a second on-the-job, low back injury. An MRI revealed a new disc herniation at L3–4, that the L4–5 and L5–S1 herniations appeared a little larger than they had in January 1995, and bone spurs indicative of degenerative disc disease.

At the time of this second injury, Hartford Fire Insurance Company was the workers' compensation carrier for Farmer's employer. Hartford initially disputed compensability of Farmer's injury, but ultimately acknowledged that a new injury had occurred at L3–4 in April 1998 and accepted liability for treating it. Hartford continued to dispute, however, that the April 1998 injury had caused Farmer's remaining back problems, contending instead that those problems were a continuation of his January 1995 injury.

The Texas Workers' Compensation Commission conducted two benefit review conferences concerning Farmer's back condition after the April 1998 injury. After those conferences, two issues remained unresolved:

- whether Farmer's compensable January 1995 injury was a producing cause of his L4–5 and L5–S1 disc herniations after April 2, 1998; and

- whether Farmer's compensable April 1998 injury extended to include the L4–5 and L5–S1 disc herniations.

These two issues proceeded to a contested case hearing and then to a Commission appeals panel. Throughout the proceedings, Security National contended that Farmer's condition on and after April 2, 1998 was caused solely by his April 1998 injury and/or degenerative disc disease. The contested case hearing officer ruled against Security National, finding that the January 1995 injury was a producing cause of Farmer's L4–5 and L5–S1 disc herniations after April 2, 1998 and that Farmer's April 1998 injury did not extend to include the L4–5 and L5–S1 disc herniations. The appeals panel affirmed the contested case hearing officer's decision.

Thereafter, Security National appealed the appeals panel's decision to the trial court. Over Security National's objection, the trial court determined that the substantial evidence rule applied, quashed Security National's discovery requests to Hartford, and ruled that the parties could only conduct discovery in accordance with a substantial evidence review of the appeals panel's decision. After a trial at which the only evidence admitted was a certified copy of the Commission's record, the trial court affirmed the appeals panel's decision. The trial court also entered findings of fact and conclusions of law, in which it concluded that the substantial evidence standard of review applied because the case did not involve a question of compensability or entitlement to benefits. This appeal followed.

In its sole issue on appeal, Security National contends that the trial court erred by ruling that the issues in this case are subject to a substantial evidence review. Security National contends that the trial court should have permitted discovery and applied a modified de novo standard of review because the issues in this case relate to compensability or eligibility for benefits.

## Judicial Review

■ The Texas Workers' Compensation Act provides that a party who has exhausted its administrative remedies and is aggrieved by a final decision of the appeals panel may seek judicial review of the appeals panel decision. TEX. LAB.CODE ANN. § 410.251 (Vernon 1996); *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex.2000). Sections 410.255 and 410.301 of the Act prescribe the manner of judicial review, depending upon the issues involved. *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 252–53 (Tex.1999). Issues regarding compensability or eligibility for benefits may be tried to a jury and are subject to a modified de novo review. TEX. LAB.CODE ANN. § 410.301; *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 528 (Tex.1995); *ESIS, Inc. Servicing Contractor v. Johnson*, 908 S.W.2d 554, 559 (Tex.App.-Fort Worth 1995, writ denied). Review is limited to the issues that were before the Commission appeals panel; however, the fact finder does not simply review the appeals panel decision for reasonableness, but decides the issues independently based on a preponderance of the evidence. TEX. LAB. CODE ANN. §§ 410.302–.303; *Garcia*, 893 S.W.2d at 531.

■ In contrast, issues other than those regarding compensability or eligibility for benefits are tried to the court and are subject to a substantial evidence review. TEX. LAB.CODE ANN. § 410.255(b). Under this standard of review, the trial court is concerned only with the reasonableness of the agency's order, not its correctness. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984); *Tex. Dep't of Pub.*

*Safety v. Bond,* 955 S.W.2d 441, 445 (Tex. App.-Fort Worth 1997, no pet.). The administrative agency's decision and findings are presumed to be supported by substantial evidence, and the burden is on the contesting party to prove otherwise. *City of El Paso v. Pub. Util. Comm'n,* 883 S.W.2d 179, 185 (Tex.1994); *Nussbaum v. City of Dallas,* 948 S.W.2d 305, 308 (Tex. App.-Dallas 1996, no writ). The evidence in the record actually may preponderate against the agency's decision and nonetheless amount to substantial evidence, if some reasonable basis exists in the record for the agency's action. *City of El Paso,* 883 S.W.2d at 185; *Tex. Health Facilities Comm'n v. Charter Med.–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984).

■ To determine which standard of review applies, we must decide whether the trial court properly interpreted sections 410.255 and 410.301 of the labor code. Because statutory construction is a question of law, we review the trial court's decision de novo. *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002); *Havlen v. McDougall,* 22 S.W.3d 343, 345 (Tex. 2000); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *see also Forbis v. Trinity Universal Ins. Co.,* 833 S.W.2d 316, 319 (Tex.App.-Fort Worth 1992, writ dism'd) (noting that a trial court's conclusions of law are reviewable on appeal to determine their correctness based on the facts).

■ In construing a statute, we must determine and give effect to the legislature's intent. *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). We first look to the statute's plain and common meaning and presume that the legislature intended the plain meaning of its words. *Fleming Foods v. Rylander,* 6 S.W.3d 278, 282, 284 (Tex.1999). If possible, we must ascertain the legislature's intent from the language it used in the statute and not look to extraneous matters for an intent the statute does not state. *Allen,* 15 S.W.3d at 527; *ESIS,* 908 S.W.2d at 560.

Section 410.301 provides for judicial review of a final appeals panel decision "regarding compensability or eligibility for or the amount of income or death benefits." TEX. LAB.CODE ANN. § 410.301(a). The Act defines "compensable injury" as "an injury that arises out of and in the course and scope of employment for which compensation is payable under [the Act]." *Id.* § 401.011(10) (Vernon Supp.2002). "Compensation" is defined as "payment of a benefit." *Id.* § 401.011(11). Because these terms are statutorily defined, we are bound to construe them by their statutory definitions. TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998); *Needham,* 82 S.W.3d at 318; *Transp. Ins. Co. v. Faircloth,* 898 S.W.2d 269, 274 (Tex.1995). "Regarding" and "eligibility" have no statutory definitions, so we give these terms their ordinary meaning. *See* TEX. GOV'T CODE ANN. § 312.002(a) (providing that words that are not terms of art shall be given their ordinary meaning); *see also id.* § 311.011(a) (providing that words shall be read in context and construed according to the rules of grammar and usage). "Regarding" means "with respect to" or "concerning"; "eligible" means "entitled." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 374, 984 (10th ed. 1994).

Giving effect to the statutory and ordinary meanings, respectively, of these terms, we hold that an appeals panel decision "regarding compensability" is one concerning payment of a benefit allowed under the Act for an injury that arises out of and in the course and scope of employment. We hold that a decision "regarding eligibility for benefits" is one concerning entitlement to benefits. The issues before

the appeals panel for which Security National sought judicial review were:

- whether Farmer's compensable January 1995 injury was a producing cause of his L4–5 and L5–S1 disc herniations after April 2, 1998; and
- whether Farmer's compensable April 1998 injury extended to include the L4–5 and L5–S1 disc herniations.

These issues concern both whether Farmer was entitled to benefits under the Act and the payment of benefits allowed under the Act for an injury that occurred in the course and scope of his employment. If the L4–5 and L5–S1 disc herniations after April 2, 1998 were caused by either the January 1995 or the April 1998 on-the-job injury, or both, Farmer would be entitled to workers' compensation benefits, and one or both carriers would be responsible for paying them. If the herniations were not caused by an on-the-job injury, but by degenerative disc disease, Farmer would not be entitled to benefits.

Hartford contends that *whether* Farmer should be compensated for his L4–5 and L5–S1 disc herniations was never an issue before the Commission at any stage of the proceedings, but that the only issue was which insurer should pay for an injury that all parties agreed was compensable. We disagree. At the administrative proceedings, the parties only agreed that two of Farmer's injuries were compensable: the January 1995 injury and the April 1998 L3–4 disc herniation. They disagreed about both whether Farmer's post-April 2, 1998 L4–5 and L5–S1 disc herniations were compensable and, if they were compensable, who should pay benefits. Appellees took the position that this latter injury was compensable because it resulted from Farmer's January 1995 injury. Security National contended the sole cause of Farmer's condition was either the April 1998 injury (i.e., compensable by Hartford) or degenerative disc disease (i.e., not compensable).

Likewise, the issues raised in both the administrative proceedings and in Security National's trial court petition describe only the January 1995 injury and the April 1998 L3–4 disc herniation as compensable injuries. They do not describe Farmer's post-April 2, 1998 L4–5 and L5–S1 disc herniations as compensable.

 Appellees also contend that Security National's argument that Farmer's injury may have been caused by degenerative disc disease or an ordinary disease of life and is therefore not compensable was not properly preserved for appellate review because it was neither presented at any stage of the proceedings before the Commission nor properly appealed to the district court. The record shows, however, that Security National repeatedly raised this issue. Security National both put on evidence and argued at the contested case hearing that Farmer's complaints were caused solely by degenerative disc disease or the April 2, 1998 injury for which Hartford had accepted compensability. Security National reurged this position several times in its request for review to the appeals panel, and the appeals panel noted in its decision that Security National contended Farmer's injury was caused by either the April 1998 injury or a natural disease of life. Finally, in its trial court petition Security National challenged the sufficiency of the evidence to support the appeals panel's decision and again contended that Farmer's condition was caused solely by accidents, injuries, or ordinary disease of life other than his January 1995 injury.

 In addition, whether Farmer's injury was caused by degenerative disc disease rather than the January 1995 injury was subsumed within the first issue that remained unresolved from the benefit re-

view conferences onward: whether Farmer's compensable January 1995 injury was a producing cause of his L4–5 and L5–S1 disc herniations after April 2, 1998. *See, e.g., Ausaf v. Highlands Ins. Co.,* 2 S.W.3d 363, 364–66 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (holding that issue of whether doctor's certification of claimant's impairment rating (IR) and date of maximum medical improvement (MMI) was valid was not waived at modified trial de novo because it was encompassed within issues before appeals panel, which were claimant's IR and date of MMI). Appellees' reliance on our opinion in *Bond* is misplaced. In that case, Bond objected for the first time in the trial court to Department of Public Safety documents on the basis that DPS had failed to file the documents in a timely manner. *Bond,* 955 S.W.2d at 447–48. This argument was waived because it was completely separate from Bond's hearsay objection to the documents at the administrative proceeding. *Id.* at 448.[1]

Because the record shows that Security National repeatedly raised its argument in the proceedings before the Commission and in its trial court petition, and because the argument was encompassed within the unresolved issues before the Commission, the issue was preserved for review before the trial court and this court. Further, because the issues before the appeals panel, which Farmer appealed to the trial court, regarded compensability or eligibility for benefits, the trial court should have applied a modified de novo standard of review.

## Harm

■ To obtain reversal of a judgment based upon an error in the trial court, the appellant must show: (1) there was, in fact, error; and (2) the error probably caused rendition of an improper judgment in the case, or probably prevented the appellant from properly presenting the case to the appellate court. TEX. R. APP. P. 44.1(a); *In re D.I.B.,* 988 S.W.2d 753, 756 n. 10 (Tex.1999); *Tex. Dep't of Human Servs. v. White,* 817 S.W.2d 62, 63 (Tex. 1991). In this case, we have concluded that the trial court erred by applying the incorrect standard of review to the appeals panel's decision. We further conclude that the error, at the very least, probably prevented Security National from properly presenting its case on appeal.

The trial court's error caused it to quash Security National's discovery requests and rule that the parties could only conduct discovery in accordance with a substantial evidence review. If the trial court had applied the correct standard of review, Security National would have been allowed to engage in discovery and put on new evidence, as long as the evidence was related to the issues before the Commission. *See* TEX. LAB.CODE ANN. § 410.306 (Vernon 1996) (providing that, except as to extent of impairment, evidence at modified trial de novo shall be adduced as in other civil trials); *Old Republic Ins. Co. v. Rodriguez,* 966 S.W.2d 208, 209 (Tex.App.-El Paso 1998, no pet.) (holding that statute does not prohibit admission of all evidence not presented to Commission, but only evidence of impairment not presented to Commission).

## Conclusion

Without being able to conduct discovery and present new evidence, Security Na-

---

1. We will not address appellees' contention that Security National's argument regarding degenerative disc disease, even if preserved for appeal, is moot as to Hartford. Appellees do not direct us to any place in the record where this argument was raised before the Commission or the trial court; accordingly, it is waived. TEX.R.APP. P. 33.1(a).

tional was unable to create an appellate record that would adequately present its case on appeal. We sustain Security National's issue, reverse the trial court's judgment, and remand the cause to the trial court for proceedings consistent with a modified de novo review of the appeals panel's decision.