

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 1, 2013

The Honorable Leticia Van de Putte
Chair, Committee on Veteran Affairs
    and Military Installations
Texas State Senate
Post Office Box 12068
Austin, Texas  78711-2068

Opinion No.  GA-1009

Re:  Whether the 2013 Qualified Allocation Plan adopted by the Texas Department of Housing and Community Affairs complies with Government Code section 2306.6710(b)  (RQ-1106-GA)

Dear Senator Van de Putte:

The Texas Department of Housing and Community Affairs ("TDHCA") has adopted a Qualified Allocation Plan ("QAP") governing the allocation of low-income housing tax credits. *See* TEX. GOV'T CODE ANN. §§ 2306.6710–.6738 (West 2008 & Supp. 2012) ("Low Income Housing Tax Credit Program"); 10 TEX. ADMIN. CODE §§ 11.1–11.10 (2013) (TDHCA, 2013 Housing Tax Credit Program Qualified Allocation Plan).  You ask whether the 2013 QAP complies with subsection 2306.6710(b)(1)(E) of the Government Code.[1]

The federal government offers tax credits to private developers of low-income housing. *See generally* 26 U.S.C.A. § 42 (West 2011) (included in the Internal Revenue Code).  The tax credits are divided among the states and then awarded by a designated state housing credit agency.  *Id.* § 42(h), (m).  The TDHCA administers Texas's low-income housing tax-credit program pursuant to chapter 2306 of the Government Code.  TEX. GOV'T CODE ANN. § 2306.053(b)(10) (West 2008).  The TDHCA allocates the tax credits via its QAP, which is a set of evaluation criteria promulgated by rule and based on the standards enumerated in subsection 2306.6710(b).  *Id.* § 2306.6710(b); *see also id.* § 2306.67022 (West Supp. 2012).  Applications for the tax credit, after satisfying specified threshold criteria, are scored and ranked by criteria in the QAP through the awarding of points for each of the statutory standards.  *Id.* §§ 2306.6704(c), .6710(b)(1) (West 2008); *see* Tex. Att'y Gen. Op. No. GA-0497 (2006) at 3 (determining that subsection 2306.6710(b) is mandatory and requires the TDHCA to rank applications using a point system that prioritizes the enumerated standards).

---

[1]Letter from Honorable Leticia Van de Putte, Chair, Comm. on Vet. Affairs & Mil. Instals., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Jan. 29, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

You inquire specifically about the 2013 QAP's adherence to the criterion enumerated in subsection 2306.6710(b)(1)(E): "the commitment of development funding by local political subdivisions."[2] TEX. GOV'T CODE ANN. § 2306.6710(b)(1)(E) (West 2008); *see* Request Letter at 2. The associated criterion in the QAP is found in TDHCA Rule 11.9(d)(3) (the "Rule"), which provides that an applicant may receive up to thirteen points for a "commitment of Development funding from the city or county in which the Development is proposed to be located." 10 TEX. ADMIN. CODE § 11.9(d)(3) (2013). The Rule also allows applicants with funding commitments from certain instrumentalities of a city or county, which could include a housing authority, to qualify for points. *Id.* However, under the Rule, an applicant cannot receive points if the applicant is a "Related Party" to the instrumentality providing the development funding. *Id.*

Your request letter indicates that "[h]ousing authorities [participate] in tax-credit projects by contracting with a development partner." Request Letter at 2. The TDHCA describes a more detailed scenario in which a housing authority creates its own private entity: a partnership in which the housing authority is also the general partner. TDHCA Brief at 4. "The [housing authority] makes a development funding loan to this related party of its own creation, controlled by the [housing authority]." *Id.* You assert that the Rule's restriction on Related Parties changes the statutory scheme for the criterion in subsection 2306.6710(b)(1)(E) and argue that the TDHCA exceeds its authority in promulgating this aspect of the Rule. *See* Request Letter at 3–5.

An administrative agency can adopt "such rules as are authorized by and consistent with its statutory authority." *Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008). Agency rules are presumed valid, and the burden of demonstrating their invalidity is on the challenger. *Vista Healthcare, Inc. v. Tex. Mut. Ins. Co.*, 324 S.W.3d 264, 273 (Tex. App.—Austin 2010, pet. denied). A rule is a valid exercise of statutory authority if its provisions are "'in harmony'" with the statute's general objectives. *See Pruett*, 249 S.W.3d at 452 (citation omitted). Further, a court will accord deference to the construction of a statute by the agency charged with the statute's administration so long as the construction is reasonable and does not contradict the statute's plain language. *State v. Pub. Util. Comm'n of Tex.*, 344 S.W.3d 349, 356 (Tex. 2011); *see* TEX. GOV'T CODE ANN. §§ 2306.053(b)(10) (West 2008) (authorizing TDHCA to administer low-income housing tax credit program), 2306.041 (authorizing TDHCA to impose penalty for violations of chapter 2306).

We consider the statute. Subsection 2306.6710(b)(1)(E) provides a legislative priority for applicants with a commitment of development funding from local political subdivisions. *See* TEX. GOV'T CODE ANN. § 2306.6710(b)(1)(E) (West 2008). Neither the subsection nor the

---

[2]*See* Brief from Ms. Barbara Deane, Gen. Counsel, Tex. Dep't of Hous. & Cmty. Affairs at 3 (Mar. 6, 2013) ("TDHCA Brief") ("There is no dispute that a public housing authority . . . has been determined by the Board to qualify as a local political subdivision under the 2013 QAP, for the purposes of awarding points for the provision of funding under 10 TEX. ADMIN. CODE § 11.9(d)(3).").

chapter as a whole defines "local political subdivision" as it is used in the statutory standard or provides any guidance by which to give meaning to the standard so that it is useful as an objective measure. Absent definition, the Legislature left it to the TDHCA to assign meaning to each of the subsection 2306.6710(b)(1)(E) standards. *Id.* § 2306.67022 (West Supp. 2012) (authorizing the TDHCA to adopt an annual QAP); *see Sw. Bell Tel. Co. v. Pub. Util. Comm'n of Tex.*, 745 S.W.2d 918, 924 (Tex. App.—Austin 1988, writ denied) (recognizing agency's discretion to assign meaning to an undefined term). Further, the system created in subsection 2306.6710(b)(1) requires only that the QAP incorporate "criteria regarding" the standards enumerated in the subsection. TEX. GOV'T CODE ANN. § 2306.6710(b)(1) (West 2008); *see Sec. Nat'l Ins. Co. v. Farmer*, 89 S.W.3d 197, 201 (Tex. App.—Fort Worth 2002, pet. denied) (defining "regarding" to mean "with respect to" or "concerning"). By its terms, subsection 2306.6710(b)(1)(E) requires only that the criteria in the QAP "regard" or concern the commitment of development funding by local political subdivisions. Nothing in chapter 2306 or in subsection 2306.6710(b) indicates a legislative intent to limit the TDHCA to the narrow language of each standard and preclude its ability to give each standard a meaningful, defined scope in the QAP.

The TDHCA justifies the related-party limitation in the Rule as a prohibition against self-lending. TDHCA Brief at 5–6. The TDHCA states that the Rule "avoids the appearance of self-lending that would be injected by awarding . . . points in a situation where [an authority forms] a limited partnership in which it participates and directs its presumably limited funding to that same limited partnership . . . ." *Id.* at 4. The TDHCA also states that "[i]n the context of an application it seemed self-evident that the commitment contemplated was a loan or grant from the local government to the applicant. A loan or grant to a related party (to itself) was not envisioned as meeting the plain intent of a commitment." *Id.* at 5. Finally, the TDHCA states that the Rule effectuates the purpose of the tax credit program to stimulate private development of low-income housing. *Id.* at 6.

The Rule here gives meaning to one of the statutory standards, a task within TDHCA's discretion. Such meaning enables the TDHCA to evaluate applicants for the tax credit program consistently against an objective measure. The Rule is consistent with the goal of the low-income housing tax-credit program to encourage private development of affordable housing. And the related-party limitation in the Rule is a reasonable interpretation of the statutory intent that is not expressly prohibited by the statute. For these reasons, a court would likely conclude that the Rule is not unreasonable and is not contrary to the statute's plain language. Thus, a court would likely defer to the TDHCA's construction of subsection 2306.6710(b)(1)(E) in the QAP, and uphold the Rule. *See Pub. Util. Comm'n of Tex.*, 344 S.W.3d at 356.

# S U M M A R Y

A court would likely defer to the Texas Department of Housing and Community Affairs' construction of chapter 2306 of the Government Code and uphold Rule 11.9(d)(3) of the 2013 Qualified Allocation Plan.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee